FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 08 2009
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NOT FOR PUBLICATION

RAHSAAN A. SEABURY,

          Plaintiff,

  -against-

NEW YORK CITY; NEW YORK CITY
BOARD OF EDUCATION,

          Defendants.
------------------------------------------------------------x
------------------------------------------------------------x

MEMORANDUM
AND ORDER

03-CV-4644 (ERK) (LB)

RAHSAAN A. SEABURY,

          Plaintiff,

  -against-

NEW YORK CITY; NEW YORK CITY
BOARD OF EDUCATION,

          Defendants.
------------------------------------------------------------x
------------------------------------------------------------x

04-CV-5569 (ERK) (LB)

RAHSAAN A. SEABURY,

          Plaintiff,

  -against-

THE CITY OF NEW YORK,

          Defendant.
------------------------------------------------------------x

06-CV-807 (ERK) (LB)

BLOOM, United States Magistrate Judge:

      Plaintiff Rahsaan A. Seabury, appearing *pro se*, brings this "Affidavit in Support of Demand To Reopen, Enter and Issue Default Judgments" dated April 28, 2009 in the above-captioned cases. For the following reasons, the motion is DENIED.

Each of the three cases have been dismissed and judgment has entered against plaintiff. See Seabury v. City of New York, No. 03-CV-4644 (ERK) (E.D.N.Y. Aug. 24, 2004); Seabury v. City of New York, No. 04-CV-5569 (ERK) (E.D.N.Y. Feb. 17, 2005); Seabury v. City of New York, No. 06-CV-807 (ERK) (E.D.N.Y. Mar. 21, 2006). There is no basis to reopen these cases in order to enter a default judgment against defendants.

This is plaintiff's third filing of a motion to reopen in order to enter an improper default judgment against defendants. By order dated May 3, 2006, the Court denied plaintiff's prior motion seeking a default judgment in four cases, including these actions. By order dated August 24, 2006, the Court again denied plaintiff's prior motion seeking a default judgment in Seabury v. City of New York, No. 06-CV-807 (ERK). The Court also warned plaintiff that the future filing of frivolous default motions in these closed cases may result in sanctions. Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons); Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992) (upholding sanctions against vexatious *pro se* litigant).

Accordingly, plaintiff's motion to reopen and enter default judgments against defendants in these three cases is DENIED. Plaintiff is hereby warned for the final time that if he continues to file frivolous motions, the Court shall enter an injunction barring him from filing submissions under these docket numbers and directing the Clerk of Court to return such submissions without filing. MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993) (federal court "may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
May 7, 2009